UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie James Brown, Jr., *a/k/a* Willie Brown, Jr.,<br><br>    Petitioner,<br><br>vs.<br><br>Warden John R. Pate,<br><br>    Respondent. | C/A No. 6:16-cv-3028-RMG-KFM<br><br><br>**REPORT AND RECOMMENDATION** |

The petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. The petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This case should be summarily dismissed.

## **BACKGROUND**

The petitioner is currently incarcerated at Allendale Correctional Institution in the South Carolina Department of Corrections (doc. 1 at 1). The petitioner was convicted of murder in Berkeley County on September 5, 1990, and sentenced to life imprisonment (*id*. at 1–2). The petitioner states that he filed an appeal and withdrew it on January 29, 1991 (*id*. at 2). Based on a review of publicly available South Carolina court documents[1] and the petitioner's filings in this court, it appears that the petitioner filed his

---

[1] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 4185869, at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 687 (D.

first application for Post-Conviction Relief ("PCR") on February 20, 1991 (doc. 9 at 2).  *See also* Berkeley County 9th Judicial Circuit Public Index, http://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspx (enter "Willie Brown" and "search," click on "1991CP0800250," and click on "Actions") (last visited Nov. 2, 2016).  The PCR court found that the petitioner did not knowingly and intelligently withdraw his appeal and allowed him to file a belated appeal (doc. 9 at 2).  *See also* Berkeley County 9th Judicial Circuit Public Index (enter "Willie Brown" and "search," click on "2015CP0801376," click on "Actions," and click on "Order of Dismissal") (last visited Nov. 2, 2016).  The Supreme Court of South Carolina affirmed his conviction on December 12, 1994 (doc. 9 at 2).  *See also Brown v. State*, 453 S.E.2d 251 (S.C. 1994).

The petitioner filed a § 2254 petition in this Court in 1995; however, his case was dismissed without prejudice for failure to exhaust his state court remedies.  *See Brown v. Davis,* 6:95-cv-562-WBT.  The petitioner filed a second PCR application in the Berkeley County Court of Common Pleas in 1996 (doc. 9 at 2).  A review of the public index indicates that this application was dismissed on September 25, 2002, with the last filing in that case occurring on March 2, 2004.  *See* Berkeley County 9th Judicial Circuit Public Index (enter "Willie Brown" and "search," click on "1996CP0800362," and click on "Actions") (last visited Nov. 2, 2016).

On August 29, 2016, the petitioner filed this § 2254 petition, seeking to have his State conviction and sentence vacated (doc. 1).  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a prisoner's pleading is considered filed at the moment it is

---

Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

2

delivered to prison authorities for forwarding to the court).  The petitioner raised four grounds for relief.  In response to Question 18 regarding timeliness, the petitioner stated that he was entitled to seek federal habeas review because it had been more than three years since he filed a "Motion to After-Newly Discovered Evidence" and because "[t]he federal courts have the inescapable duty to entertain a solid claim of a[n] unconstitutional restraint by a state under color of its law, and jurisdiction is not defeated by anything which may occur in the state proceedings" (*id.* at 13–14).  He further maintains that the solicitor unlawfully impaneled the Grand Jury, engaged in conspiracy, and failed to perform her "ministerial" duties (*id.*).

This court's order, filed September 16, 2016, directed the petitioner to complete special interrogatories, and gave notice to the petitioner "that this court is considering *sua sponte* dismissal of your case based on the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)" (doc. 6-1 at 1).  Further, this court requested the petitioner's possible reasons for equitable tolling (*id.* at 2).  In his answers to the special interrogatories, the petitioner alleges that this court has jurisdiction over his claims because the solicitor has caused "inordinate delay" in his State court proceedings, which violates the petitioner's Due Process rights (doc. 9 at 2).  It appears the petitioner contends that he filed a motion concerning newly discovered evidence on March 14, 2016, in the Berkeley County Court of Common Pleas, and that the solicitor never responded to the motion (*id.* at 1).

## APPLICABLE LAW AND ANALYSIS

*Pro Se and In Forma Pauperis Review*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

***The AEDPA***

When the AEDPA took effect in 1996, Congress prescribed a uniform rule: "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. § 2244(d)(1)." *Holland v. Florida*, 560 U.S. 631, 635 (2010) (internal quotation marks omitted). District courts are permitted, but not required, to consider *sua sponte* the timeliness of a state prisoner's § 2254 habeas petition after giving the parties "fair notice and an opportunity" to present their position regarding the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209–10 (2006). Subsection (d)(1)(A) of section 2244 provides that the limitations period shall run from the date when the judgment of conviction became final at the conclusion of direct review. Title 28 U.S.C. § 2244. Subsection (d)(2) of section 2244 provides that the limitations period is tolled while properly filed State post-conviction or collateral attack actions are pending. *Id.*

Because the petitioner's conviction was final prior to the enactment of the AEDPA, he had until April 24, 1997, excluding any time tolled, to file a federal habeas petition. *See Hernandez v. Caldwell*, 225 F.3d 435, 438–39 (4th Cir. 2000). However, the petitioner waited until August 29, 2016, to file this petition. Moreover, even if it were appropriate to toll the time during the pendency of the petitioner's second PCR action, the current petition would still be untimely. The State court documents and the petitioner's filings in this court reveal that the petitioner's second PCR action was dismissed, and nothing has been filed in that action since March 2, 2004. The plaintiff has provided nothing in his answers to the court's special interrogatories to question this date.

Therefore, the present petition is time-barred and should be dismissed on that basis. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *see also Day*, 547 U.S. at 210.[2]

In addition to statutory tolling, a petitioner may be entitled to equitable tolling of the AEDPA time limitation in certain circumstances. *Holland*, 560 U.S. at 644. The Fourth Circuit Court of Appeals has explained that equitable tolling should be "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). A petitioner seeking equitable tolling must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). A petitioner's confusion about the law does not warrant equitable tolling where the state of the law was settled. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding that an unrepresented prisoner's ignorance of the law is not extraordinary nor a circumstance external to his control). In this case, the petitioner alleges that he is entitled to federal habeas review because of delays in the State courts (doc. 9 at 1). Based on the law, this reason is not sufficient for the "extraordinary circumstance" prong of equitable tolling. *See McLaurin v. Perry*, 2015 WL 4139215, at *3 (E.D.N.C. July 9, 2015) (finding that a

---

[2] The petitioner's response (Answers to Court's Special Interrogatories) to this court's order filed September 16, 2016, and his right to file objections to this Report and Recommendation constitute the petitioner's opportunities to object to a dismissal of this petition based on the statute of limitations. *See Hill*, 277 F.3d at 707 (holding that in a habeas case, timeliness may be raised *sua sponte* if evident from face of pleading; however, the petitioner must be given warning and opportunity to explain before dismissal); *McClellan v. Cartledge*, No. 9:06-3057-PMD-BM, 2009 WL 210922, at *2 n.2 (D.S.C. Jan. 28, 2009). *Cf. Bilal v. North Carolina*, 287 F. App'x. 241 (4th Cir. 2008).

petitioner was not entitled to equitable tolling where he could have discovered the evidence earlier and failed to "explain[] his approximately 13 year delay in raising such challenge").

Title 28 U.S.C. § 2244 does provide that the one-year period may begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Liberally construing the petitioner's statements regarding his motion concerning "after-newly discovered evidence," the petitioner may be invoking § 2244(d)(1)(D). It appears that his newly discovered evidence pertains to an illegally impaneled Grand Jury (*see* doc. 1 at 7–8). As an initial matter, this does not actually appear to be *new* evidence recently discovered; therefore, there is no plausible reason alleged to cause § 2244(d)(1)(D) to apply in this case. To the extent that the petitioner intends to argue that the State court lacked jurisdiction as a result of an improperly impaneled Grand Jury in an attempt to avoid the time limitations of the AEDPA, "[t]here is no exception under the AEDPA for subject matter jurisdiction claims, and petitioner does not assert any facts that would allow his claim to go forward under the limited exceptions to the AEDPA." *Moore v. Ozmint,* No. 8:06-cv-0990-GRA, 2006 WL 2873620, at *1 (D.S.C. Oct. 4, 2006); *see also Henry v. Warden of McCormick Corr. Inst.*, C/A No. 1:14-cv-4343-BHH-SVH, 2015 WL 7769459, at *8 (D.S.C. Nov. 5, 2015), *report and recommendation adopted*, 2015 WL 7776898 (D.S.C. Dec. 1, 2015) (holding that the manner and process by which a state grand jury is impaneled and indictments procured is a matter of state law (citing S.C. Code Ann. § 17-19-10 et seq.)); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972) ("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe

the Fifth Amendment's provision for presentment or Indictment by a grand jury."). Accordingly, the petitioner fails to state a claim upon which relief may be granted.

## RECOMMENDATION

It is recommended that the § 2254 petition be dismissed without requiring the respondent to file a return because the petition is untimely under the one-year limitations provision of the AEDPA. ***The petitioner's attention is directed to the important notice on the next page.***

                                                s/ Kevin F. McDonald
                                                United States Magistrate Judge

November 3, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).