IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie James Brown, Jr., ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:16-3028-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden John R. Pate, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus. (Dkt. No. 12). For the reasons below, the Court adopts the R & R and dismisses the petition without prejudice.

**Background**

Petitioner Willie James Brown, Jr. is an inmate at Allendale Correctional Institution serving a life sentence. He was convicted of murder on September 5, 1990, in Berkeley County, South Carolina. (Dkt. No. 1 at 1). On August 29, 2016, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to vacate his state conviction and sentence. (*Id.*). Petitioner raises four grounds for relief: (1) the state has not responded to his "Motion to After-Newly Discovered Evidence" for three years; (2) the solicitor unlawfully impaneled the Grand Jury; (3) the solicitor engaged in a conspiracy; and (4) the solicitor failed to perform her "ministerial" duties. (*Id.*).

This matter was referred to a Magistrate Judge in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for all pretrial proceedings. The Magistrate Judge reviewed the petition under 28 U.S.C. § 1915 and the Anti–Terrorism and Effective Death Penalty Act of 1996

(AEDPA) and filed a Report and Recommendation (R & R) on November 3, 2016 recommending that the petition be dismissed without requiring Respondent to file a return. (Dkt. No. 12). Petitioner then filed objections to the R & R. (Dkt. No. 14).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In reviewing these pleadings, the Court is mindful of Petitioner's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

**Analysis**

The Court has reviewed the petition, the R & R, Petitioner's objections, and the relevant legal authorities. Because Petitioner's objections simply restate the arguments in his petition for habeas corpus rather than responding to a specific error in the R & R, the Court need not conduct a *de novo* review.[1] *Smith v. Washington Mut. Bank FA*, 308 Fed. App'x 707, 708 (4th Cir. 2009).

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss this petition because it was filed after the one-year limitation period had expired. (Dkt. No. 12). Under AEDPA, a one-year period of limitation applies to applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § (d)(1)(A). Therefore, the Court hereby **ADOPTS** the R & R as the order of this Court and **DISMISSES** the petition without prejudice and without requiring Respondent to answer.

**Certificate of Appealability**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

---

[1] Petitioner also objects to the R & R as being premature because it was filed before Respondent's January 2, 2017 Return and Memorandum due date. This objection is without merit because the purpose of this pretrial review is to determine whether Respondent should be required to file a return.

3

537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 27, 2016
Charleston, South Carolina

4